IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DeJUAN B. THORNTON-BEY, | ) |
| | ) |
| Petitioner, | ) Case No. 08 CV 4287 |
| v. | ) |
| | ) Judge John W. Darrah |
| UNITED STATES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the *pro se* motion of Petitioner,

DeJuan B. Thornton-Bey ("Petitioner"), to vacate, set aside or correct sentence pursuant

to 28 U.S.C. § 2255 [1].[1]

Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of
> Congress claiming the right to be released upon the ground that the
> sentence was imposed in violation of the Constitution or laws of the
> United States, or that the court was without jurisdiction to impose such
> sentence, or that the sentence was in excess of the maximum authorized by
> law, or is otherwise subject to collateral attack, may move the court which
> imposed the sentence to vacate, set aside or correct the sentence.

29 U.S.C. § 2255(a).

This collateral relief is only available where there was "an error of law that is

jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results

in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir.

1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992)). *Habeas corpus*

---

[1]     Although Petitioner's reply brief was not timely filed, the reply has
been considered.

1

relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

On May 2, 2002, Petitioner was charged in a three-count grand jury indictment: count one charged Petitioner with possession of a firearm after a conviction of a crime punishable by more than one year, in violation of 18 U.S.C. § 922(g)(1); count two charged possession with intent to distribute in excess of three grams of heroin within a housing facility owned by a public housing authority, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a); and count three charged use and possession of a firearm in furtherance of a drug-trafficking crime, possession with intent to distribute heroin, in violation of 18 U.S.C. § 924(c)(1). (Case No. 02 CR 0444, Docket No. 1.) After a jury trial on October 17, 2002, Petitioner was found guilty on all three counts. On January 29, 2003, he was sentenced by this Court to a total of 387 months' imprisonment.

Petitioner filed a notice of appeal with the Seventh Circuit on January 1, 2003. However, on October 30, 2003, Petitioner's appeal was dismissed by the Seventh Circuit for want of prosecution.

Petitioner states three grounds in support of his present motion to vacate, set aside or correct sentence. All of the grounds challenge the jurisdiction of this Court to issue a judgment against him. In ground one, Petitioner asserts: "This Court (Judge) has 'RETIRED' from 'Public Office' as a Circuit Court Judge of the 18th Judicial Circuit Court [and] has NO Jurisdiction or Authority to issue any Judgment against the Movant in any matter." Ground two asserts: "This Private Corporate Court operating under the "DISGUISE' of a 'Public Official' has NO Legal Power to ORDER or ADJUDGE or

2

DECREE any Law or Judgment against a Sovereign 'Moorish American' the Movant." In ground three, Petitioner contends there is no federal jurisdiction over him because he is a "Moorish-American a freeman of which this court has No Jurisdiction over."

All of Petitioner's asserted grounds lack merit. As the Government argues, Petitioner has apparently confused the Court's retirement as a judge on the DuPage County, Illinois Circuit Court with his commission as a federal judge. This Court was properly confirmed by the United States Senate and received its commission as a federal judge on July 14, 2000. Therefore, the Court has proper jurisdiction in federal cases before it, including Petitioner's. Accordingly, Petitioner's first and second grounds for relief lack merit. Count three lacks merit because there is no basis for Petitioner's claim that he is immune from federal jurisdiction because he is a "Moorish-American."

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [1] is denied.

Date: January 26, 2009

JOHN W. DARRAH
United States District Court Judge