UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| Respondent, | ) Case No. 08 cv 4287 |
| v. | ) |
| | ) Judge John W. Darrah |
| WILLIE PIERRE DABNEY, | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Petitioner Willie Pierre Dabney's ("Dabney" or "Petitioner") *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [1]. For the reasons stated below, the motion is denied.

## BACKGROUND

The facts underlying this case were set forth by the Seventh Circuit in *United States v. Dabney*, 498 F.3d 455 (7th Cir. 2007). Late on the night of December 31, 2004, and into the early morning of January 1, 2005, Chicago Police Officers Ronald Coleman and Joshua Wallace responded to a radio call of shots fired in their patrol area. After exiting his vehicle, Coleman heard a series of gunshots and saw Dabney firing a handgun approximately thirty to forty yards away. With Coleman in pursuit, Dabney ran into a nearby apartment building, firing two shots in the air along the way. After entering the building through a locked gate, Dabney dropped his gun and entered a second-floor apartment. Around the same time, Wallace arrived and helped Coleman climb onto the second-floor landing of the apartment building, where Coleman

1

recovered Dabney's gun. Coleman then gained entry into the apartment he had seen Dabney enter and found Dabney hiding under the bed. Dabney was arrested and pleaded guilty to a state charge relating to his possession of the gun Coleman recovered. He was then charged with one federal count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

After a jury trial, Dabney was convicted of the felon-in-possession charge. Dabney was sentenced by this Court to 120 months in prison, the statutory maximum for his offense.

Dabney appealed both his conviction and sentence to the Seventh Circuit. As to his conviction, Dabney argued that the Court erred in allowing into evidence Dabney's admission in his prior state-court proceeding that he possessed the gun in question and violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), in failing either to further investigate complaints pending against the testifying officers or to require the government to turn over all of the unsubstantiated complaint registers in its possession. Dabney also challenged the sufficiency of the evidence to support his conviction. With respect to his sentencing, Dabney argued that the Court's sentencing determination was not reasonable because the Court failed to adequately consider the factors set forth in 18 U.S.C. § 3553(a).

The Seventh Circuit rejected all of Dabney's arguments and affirmed his sentence.

Dabney has now filed the instant *habeas* petition, asserting three grounds: (1) ineffective assistance of counsel based on his counsel's alleged failure to determine

whether he was in fact an armed career criminal, qualifying him for the two-point armed career criminal sentencing enhancement; (2) the Court committed error in failing to grant him a two-point reduction for acceptance of responsibility; and (3) ineffective assistance of his counsel at sentencing and on appeal by his counsel's failure to raise that Petitioner was entitled to a two-point reduction for acceptance of responsibility.

## LEGAL STANDARD

Section 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 1155. This collateral relief is only available where there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992)). The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). A *pro se* petition is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, *habeas corpus* relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Additionally, a petitioner in a Section 2255 case is not entitled to an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001).

3

## ANALYSIS

Claims of ineffective assistance of counsel are reviewed under the two-prong test delineated in *Strickland v. Washington*, 466 U.S. 688 (1984) ("*Strickland*"). Under this test, a defendant must show both: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 688, 694. The deficiency prong requires a defendant to demonstrate that the representation he received was objectively unreasonable, considering all of the circumstances. Counsel's conduct is presumed to satisfy professional standards. *Strickland*, 466 U.S. at 688-89. To demonstrate actual prejudice, a defendant must show that his counsel's performance was objectively unreasonable and that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 696.

Petitioner first claims that his trial counsel's assistance was constitutionally deficient because his counsel "should have gone to greater lengths to determine whether petitioner was an armed career criminal." According to Petitioner, his counsel "never challenged the application" of the armed career criminal enhancement. Rather, his counsel merely "agree[d] with the findings of the PSR that the petitioner d[id] not qualify to be sentenced as a career criminal or that his sentence should be enhanced because of three prior felony convictions." (Pet. Rep. at 5.)

4

Petitioner, however, did not receive an enhancement at sentencing for being an armed career criminal. The record shows that Petitioner's counsel objected at sentencing to an application of the armed career criminal enhancement. Specifically, in his sentencing memorandum, Petitioner's counsel agreed with the findings in the PSR that Petitioner's prior state convictions did not meet the requirements for the enhancement; and Petitioner did not receive the enhancement at sentencing.

Petitioner's argument appears to be that the failure of his counsel to do his own investigation of Petitioner's prior convictions (so as to determine whether or not they qualified for the enhancement) prior to trial constituted ineffective assistance of counsel and prejudiced him because the Government's position that he was a career offender was "petitioner's only reason for going to trial." Petitioner asserts he would have accepted a plea "if not for the government's notice of intent to seek an enhanced sentence under [armed career criminal enhancement]." (Pet. Rep. at 7.)

Petitioner's assertions do not show that his counsel's assistance was ineffective. Petitioner's counsel competently argued against the armed career criminal enhancement at sentencing. A criminal defendant has the right to effective assistance of counsel in deciding whether to accept a proposed plea agreement or to go to trial. *Toro v. Fairman*, 940 F.2d 1065, 1066 (7th Cir. 1991). However, "an attorney's mere inaccurate prediction of a sentence, standing alone, does not demonstrate the deficient performance component of a claim of ineffective assistance of counsel." *United States Barnes*, 83 F.3d 934, 940 (7th Cir. 1996) (internal quotation omitted.). A defendant can prove that his attorney's performance was deficient in this regard "if he shows that his attorney did not make a good-faith effort to discover the facts relevant to his sentencing, to analyze those facts in

5

terms of the applicable legal principles and to discuss that analysis with him." *Barnes*, 83 F.3d at 940. Petitioner's submissions are insufficient to show that his counsel failed to make a good-faith effort to determine his likely sentence. Indeed, Petitioner fails to show that his counsel made an inaccurate sentencing determination at all. Petitioner asserts that he only decided to go to trial because the *Government* "asserted that [he] was an armed career criminal." This, however, does not show that Petitioner's counsel agreed with the Government's position or that counsel failed to provide him with good-faith advice as to his likely sentence. The record is insufficient to show that counsel's advice as to his likely sentence was constitutionally deficient.

Furthermore, Petitioner fails to show that he was prejudiced by his counsel's alleged conduct. As noted, Petitioner's counsel argued against the armed career criminal enhancement at sentencing; his sentence was not so enhanced; and Petitioner received a sentence of 120 months. Petitioner contends that had his counsel properly determined that he did not qualify for the armed career criminal enhancement prior to trial, he would have accepted a plea offer from the Government. However, according to Petitioner, the Government's plea offer was "for 15 years to life." (Petitioner Aff., ¶ 2.) Petitioner, therefore, was not prejudiced by his counsel's conduct because, ultimately, he received a lesser sentence after trial (of 120 months) and did not receive the armed career criminal enhancement.

Next, Petitioner argues that the Court committed error by not granting him a two-point reduction for acceptance of responsibility. Petitioner failed to raise this alleged error on direct appeal; therefore, it is procedurally defaulted. Claims not raised on direct appeal, with the exception of claims of ineffective assistance of counsel, may not be

6

raised on collateral review unless the petitioner can show cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 123 S. Ct. 1690, 1694 (2003). One permissible cause for procedural default is ineffective assistance of appellate counsel. *Sanders v. Cotton*, 398 F.3d 572, 580 (7th Cir. 2005). Petitioner contends his appellate counsel's failure to raise this issue on appeal was constitutionally deficient. This is also Petitioner's third ground for *habeas corpus* relief. Therefore, Petitioner's grounds two and three will be considered together.

Petitioner contends his counsel's failure to argue that he deserved a two-point reduction for acceptance of responsibility constitutes ineffective assistance of counsel because "he had in fact stipulated to the essential factual elements of guilt." Petitioner relies on the following stipulation agreed to by the parties at trial:

> Stipulation No. 3: In 2005, while under oath and with the assistance and presence of an attorney, defendant Willie Pierre Dabney admitted that on January 1st of 2005 he possessed the same firearm as charged in the indictment, namely, a Glock model 17 C bearing serial number CBT749, and that at the time of his possession the defendant had previously been convicted of a felony offense.

(Tr. at 191-92.)

The Government argues that Petitioner's counsel's performance was not constitutionally deficient under *Strickland*. The Court agrees. Pursuant to USSG § 3E1.1(a), a defendant who "clearly demonstrates acceptance of responsibility for his offense" is entitled to a two-level offense decrease. However, as the Seventh Circuit has recognized, acceptance of responsibility "usually rewards a guilty plea." *U.S. v. Lange*, 312 F.3d 263, 270 (7th Cir. 2002). *See also* USSG § 3E1.1, Application Note 2 ("This adjustment is not intended to apply to a defendant who puts the government to its burden

of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."). The application notes provide that a defendant who goes to trial may be entitled to the reduction "in rare situations," such as where "a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." *Id.* The notes state that a determination of whether a defendant is entitled to the reduction "will be based primarily upon pre-trial statement and conduct"; and even a defendant who enters a guilty plea is not entitled to acceptance of responsibility "as a matter of right." USSG § 3E1.1, Application Notes 2, 3.

Here, Petitioner did not plead guilty but put the Government to its burden of proof at trial by denying the factual elements of guilt. Petitioner's stipulation did not absolve the Government of its burden of proving that Petitioner possessed the firearm in question on the night charged. Further, this case is not the type of "rare case" described in the application notes where a defendant goes to trial but nevertheless qualifies for an acceptance of responsibility reduction. Further, the record shows Petitioner's pretrial conduct in the case was not consistent with acceptance of responsibility.

The record does not show that Petitioner was entitled to a two-point reduction for acceptance of responsibility, and his counsel's failure to argue for such a reduction does not constitute ineffective assistance of counsel under *Strickland.*

## CONCLUSION

For all of the reasons stated above, Petitioner's motion and the files and records of the case conclusively show that Petitioner is not entitled to *habeas corpus* relief. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [1], accordingly, is denied.

Date: 2-26-09

JOHN W. DARRAH
United States District Court Judge